Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIM AND DISMISS THE ADA ACTION AS MOOT**

Plaintiff Daniel Lopez filed the Complaint in this action for violations of the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("Unruh Act") against Defendants Regina Villegas and Abraha Rivas on July 23, 2019. [Doc. # 1.]

**I.
ORDER TO SHOW CAUSE RE SUPPLEMENTAL JURISDICTION**

It appears that the Court has federal question jurisdiction over Plaintiff's ADA claim and supplemental jurisdiction over Plaintiff's Unruh Act claim. *See* 28 U.S.C. section 1367(a).

The supplemental jurisdiction statute "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and *at every stage of the litigation*, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173, 118 S. Ct. 523, 534 (1997) (emphasis added) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

In 2012, California adopted a heightened pleading standard for lawsuits brought under the Unruh Act to combat the influx of baseless claims and vexatious litigation in the disability access litigation sphere. Cal. Civ. Code § 55.52(a)(1). The stricter pleading standard requires a plaintiff bringing construction-access claims to file a verified complaint alleging specific facts concerning the plaintiff's claim, including the specific barriers encountered or how the plaintiff was deterred and each date on which the plaintiff encountered each barrier or was deterred. *See* Cal. Civ. Proc. Code § 425.50(a). California also imposed a "high-frequency litigant fee" in 2015 in response to

the "special and unique circumstances" presented by certain plaintiffs and law firms filing an outsized number of Unruh Act lawsuits. Cal. Gov't Code § 70616.5.

In recognition of California's efforts to reduce the abuse of California's disability access laws, district courts within the state have determined that the interests of fairness and comity, counsel against exercising supplemental jurisdiction over construction-access claims brought under the Unruh Act. *See, e.g.*, *Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017) ("[T]he Court finds it would be improper to allow Plaintiff [a high frequency litigant] to use federal court as an end-around to California's pleading requirements. Therefore, as a matter of comity, and in deference to California's substantial interest in discouraging unverified disability discrimination claims, the Court declines supplemental jurisdiction over Plaintiff's Unruh Act claim.").

Plaintiff is therefore **ORDERED TO SHOW CAUSE** why the Court should not decline to exercise supplemental jurisdiction over the state law claim. *See* 28 U.S.C. § 1367(c). In responding to this Order to Show Cause, Plaintiff shall identify the amount of statutory damages Plaintiff seeks to recover. Plaintiff and his counsel shall also support their responses to the Order to Show Cause with declarations, signed under penalty of perjury, providing all facts necessary for the Court to determine if they satisfy the definition of a "high-frequency litigant" as provided by California Civil Procedure Code sections 425.55(b)(1) & (2).

## II.
## ORDER TO SHOW CAUSE RE DEFENDANTS' REMEDIATION

Additionally, the docket reflects that Defendants Villegas and Rivas have submitted a notice of remediation of the violations of which Plaintiff complains. [Doc. # 23.] Plaintiff is therefore also **ORDERED TO SHOW CAUSE** why the Court should not dismiss the ADA claim as moot in light of Defendants' remediation. Failure to submit a satisfactory response to this OSC shall result in the Court's dismissal of this action on the ground that Defendants have remediated the alleged violations.

## III.
## CONCLUSION

**Plaintiff shall file a Response to this Order to Show Cause within seven days of the date of this Order**. Failure to timely or adequately respond to this Order to Show Cause may,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-6382-DMG (FFMx)** | Date | December 30, 2019 |
|---|---|---|---|
| Title | *Daniel Lopez v. Regina Villegas* | Page | 3 of 3 |

without further warning, result in the Court declining to exercise supplemental jurisdiction over the Unruh Act claim and dismissing the remaining ADA claim as moot.

**IT IS SO ORDERED.**